Filed 2/5/25  In re V.R. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re V.R., a Person Coming Under the Juvenile Court Law. | C100570 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, ADULT AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>A.R.,<br><br>Defendant and Appellant. | (Super. Ct. No. JD242717) |

A.R. (father) appeals from the juvenile court's orders that the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) does not apply, V.R. (the minor) is a dependent child of the court, and the minor should be placed with the paternal grandmother. Father contends we should remand the matter for further ICWA compliance. The Sacramento County Department of Child, Family and Adult Services (the Sacramento Department) does not oppose father's request.

We will conditionally reverse the juvenile court's dispositional order and finding that ICWA does not apply, and we will remand the matter to the juvenile court for the limited purpose of further compliance with the inquiry and notice requirements of ICWA and related law.

BACKGROUND

The minor was born in 2010. In 2017, father participated in a child protective service informal supervision program based on a domestic violence incident between father and his girlfriend that occurred in the presence of the minor and her half sibling. Law enforcement placed the minor and her half sibling in protective custody. The minor's mother was offered services and after successfully completing them she was granted sole legal and physical custody of the minor. The record does not indicate the extent, if any, of ICWA compliance efforts in that proceeding.

In 2023, the El Dorado County Health and Human Services Agency (the El Dorado Agency) filed a petition pursuant to Welfare and Institutions Code section 300, subdivision (b)(1),[1] alleging, among other things, that the mother engaged in substance abuse and abandoned the minor in Oregon. The petition further alleged that father was incarcerated and had been convicted for the sexual abuse of children.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code. Undesignated rule references are to the California Rules of Court.

According to the detention report, the social worker asked mother if she had any Indian ancestry and mother reported she thought there was Cherokee ancestry on her maternal grandmother's side, but they are not registered members. The social worker was not able to communicate with father at that time.

At the August 2023 detention hearing, father and the mother were each represented by counsel. The mother appeared in court, but father was not present. The juvenile court asked those present if they had any information that the minor was a member or citizen of an Indian Tribe or was eligible for membership or citizenship, and it directed those present to inform the court if they received any such information. At the conclusion of the detention hearing, the juvenile court found there was reason to believe the minor was an Indian child and directed the El Dorado Agency to complete further inquiry as required by section 224.2, subdivision (e).

In August 2023, the El Dorado Agency filed an ICWA-030 form containing information about father and the mother, and it sent the form to father, the mother, three federally recognized Cherokee tribes, and the Bureau of Indian Affairs. The form stated there was no information available for the paternal relatives. The form identified the maternal grandmother, the maternal grandfather, the maternal great-grandmother, and the maternal great-grandfather. It set forth their pertinent information.

In the jurisdictional report filed in August 2023, the social worker indicated ICWA did or might apply. The social worker had not yet established contact with father, but confirmed through a history check that there was no prior documented Indian ancestry for him.

The social worker called the maternal grandmother, who said she was adopted but believed her biological parents had Cherokee ancestry. The maternal grandmother also claimed her great-grandfather, whose name she did not know, had Cherokee ancestry, but he would not sign the registry, so they were not registered members. The social worker also met with the mother and the maternal grandfather. The record does not indicate that

3

the social worker inquired as to whether the maternal grandfather knew if the minor had Indian ancestry.

The El Dorado Agency subsequently filed a September 12, 2023 letter from the Eastern Band of Cherokee Indians, which indicated the minor was not registered and was not eligible to register as a member of that tribe.

In October 2023, the juvenile court held another hearing attended by the mother but not by father.  It found the allegations of the section 300 petition true and transferred the case from El Dorado County to Sacramento County.

In Sacramento, the juvenile court held a transfer-in hearing.  Neither parent was present, but father was represented by counsel.  The juvenile court set a disposition and ICWA compliance hearing.

A social worker for the Sacramento Department filed a declaration describing the efforts that had been made to locate the mother.  The social worker called the maternal great-grandmother and the maternal grandmother but did not reach them.  The social worker reached out to seven other relatives and spoke with four, none of whom had information about the mother's whereabouts.  The social worker's declaration did not indicate there was any further inquiry regarding the minor's potential Indian ancestry.

In November 2023, the Sacramento Department sent the same information to the Cherokee Nation, the United Keetoowah Band of Cherokee Indians, and the Eastern Band of Cherokee Indians, that had previously been sent by the El Dorado Agency.  The social worker asked the minor if she had any Indian ancestry and the minor replied she did not know.

The Cherokee Nation indicated it had already responded to the prior inquiry, and the Sacramento Department obtained a copy of the letter stating the minor was not an Indian child.  The United Keetoowah Band of the Cherokee Indians responded that the minor was not enrolled in the tribe and was not eligible for enrollment.

4

The social worker recommended that the juvenile court find there was no reason to know, or reason to believe, that the minor was an Indian Child, and that ICWA does not apply. But the disposition report indicated ICWA might apply. It further recommended removing the minor from the mother's care and providing the mother with family reunification services, but bypassing services to father due to his convictions.

The juvenile court held an ICWA compliance and disposition hearing in December 2023. Counsel for the minor indicated that there was Indian heritage in the mother's lineage, but the name of the tribe was not known. The juvenile court continued the matter.

The social worker spoke with father who denied any Native American heritage. Father then wrote a letter to the juvenile court asking that the inquiry stop. Meanwhile, the social worker spoke with the paternal grandmother who said the family had Mayan ancestry, which was not federally recognized in the United States.

The minor, father, the paternal grandmother, and two paternal aunts attended the disposition and ICWA compliance hearing. The juvenile court asked them if they had any Indian ancestry or knew of anyone in the family who might have information on the subject. All responded in the negative.

The juvenile court said it had received and considered the reports submitted for the hearing. It adopted the recommendation of the Sacramento Department and found there is no reason to believe or reason to know that the minor is an Indian child, and it concluded ICWA does not apply. It found that the Sacramento Department had complied with ICWA inquiry requirements.

The juvenile court adjudged the minor a dependent of the court, denied the parents reunification services, and removed the minor from the custody of her parents. The juvenile court further directed the Sacramento Department to initiate a placement with the paternal grandmother in Virginia under the Interstate Compact on Placement of Children (Fam. Code, § 7900 et seq.).

DISCUSSION

Father contends we should remand the matter for further ICWA compliance. The Sacramento Department does not oppose father's request.

A

Congress enacted ICWA to protect Indian children and "to promote the stability and security of Indian tribes and families" by formalizing federal policy and standards regarding the removal and placement of Indian children outside the family home. (25 U.S.C. § 1902; see *In re Dezi C.* (2024) 16 Cal.5th 1112, 1129 (*Dezi C.*); *In re Austin J.* (2020) 47 Cal.App.5th 870, 881, overruled on other grounds in *Dezi C.*, at p. 1152, fn. 18.) The juvenile court and the social services agency have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Rule 5.481(a); § 224.2, subd. (a).) "Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child." (§ 224.2, subd. (b)(2).) "Extended family members" include "a person who has reached the age of eighteen and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 U.S.C. § 1903(2); see § 224.1, subd. (c) [adopting ICWA definition of "extended family member"].)

"This 'duty to inquire begins with the initial contact, including, but not limited to, asking the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child.' " (*Dezi C.*, *supra*, 16 Cal.5th at p. 1132.) "When the agency has 'reason to believe' that an Indian child is involved, further inquiry regarding the possible Indian status of the child is required. (§ 224.2, subd. (e); see also rule 5.481(a)(4).)" (*Dezi C.*, at p. 1132, fn. omitted.) "If the inquiry establishes a reason

6

to know an Indian child is involved, notice must be provided to the pertinent tribes. (§ 224.3, subds. (a), (b); 25 U.S.C. § 1912(a).)" (*Dezi C.*, at p. 1133.)

"We review claims of inadequate inquiry into a child's Indian ancestry for substantial evidence." (*Adoption of M.R.* (2022) 84 Cal.App.5th 537, 542.)

B

Father argues the El Dorado Agency sent information to the tribes about the maternal grandmother's adoptive relatives rather than her biological parents. Father adds there should have been inquiry with the maternal grandfather. The Sacramento Department notes that it made extensive ICWA inquiries, but it does not oppose father's request for remand because the record is incomplete. It states the dispositional order is not a final order and the Sacramento Department has already requested a further ICWA compliance hearing. We conclude a conditional reversal is warranted.

The record suggests the El Dorado Agency contacted certain relatives but did not ask them about Indian ancestry. And it sent information to the tribes regarding the maternal grandmother's adoptive family, not her biological parents. In addition, the forms sent to the tribes and the Bureau of Indian Affairs did not provide information about mother's biological father, and the record does not indicate whether the El Dorado Agency asked him about the child's potential Indian ancestry. There is no indication the Sacramento Department corrected those omissions.

Our state Supreme Court recently held in *Dezi C.* that "an inadequate initial Cal-ICWA inquiry requires conditional reversal with directions for the child welfare agency to comply with the inquiry requirement of section 224.2, document its inquiry in compliance with rule 5.481(a)(5), and when necessary, comply with the notice provision of section 224.3." (*Dezi C., supra*, 16 Cal.5th at p. 1136.) We will conditionally reverse and remand the matter for further proceedings.

DISPOSITION

The juvenile court's dispositional order and finding that ICWA does not apply are conditionally reversed. The matter is remanded to the juvenile court for the limited purpose of further compliance with the inquiry and notice requirements of ICWA and related law. If the juvenile court finds that an adequate further inquiry and due diligence has been conducted, and it concludes ICWA and related law do not apply (§ 224.2, subd. (i)(2)), then the juvenile court shall reinstate the orders. If the juvenile court concludes ICWA and related law applies, then it shall proceed in conformity with ICWA and the California implementing provisions. (See 25 U.S.C. § 1912(a); §§ 224.2, subd. (i)(1), 224.3, 224.4.)

/S/

MAURO, J.

We concur:

/S/

HULL, Acting P. J.

/S/

BOULWARE EURIE, J.

8